**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

**In re:** **CASE NO.: 26-15896-PDR**
**CHAPTER 7**

**LUIS LORIGA CACERES**

**Debtor. /**

**DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY [ECF NO. 45]**

**COMES NOW,** Debtor, **LUIS LORIGA CACERES** by and through its undersigned attorney, hereby Objection to Barbara Loriga's Motion for Relief from the Automatic Stay [ECF No. 45] ("Motion"), pursuant to 11 U.S.C. § 362(d)(1), and states:

1. Debtor, **LUIS LORIGA CACERES**, filed for relief under Chapter 13 of the bankruptcy code on May 6, 2026. The case was subsequently converted to Chapter 7 on August 6, 2026.
2. On September 28, 2026, Barbara Loriga ("Movant") filed the Motion seeking relief from the automatic stay to complete a prepetition partition action involving real property located at 2252 SW 16th Court, Miami, Florida 33145 (the "Property").
3. The Property was previously owned by Domingo Loriga Chavez, who passed away on February 21, 2023.
4. On October 14, 2025, the Circuit Court of the Eleventh Judicial Circuit, Probate Division, entered an Order Determining Homestead in Case No. 2023-003100-CP-02, finding that the Property constituted the decedent's homestead and that his interest descended to his three adult children,

Barbara Loriga, Jose Loriga, and Luis Loriga Caceres, in equal one-third shares.

5. Debtor has occupied the Property as his principal residence since his father's death and claims the Property as his Florida homestead.
6. Movant filed a Complaint for Partition and Equitable Accounting, requesting partition under Florida Statutes Chapter 64, including the Uniform Partition of Heirs Property Act.
7. In addition to partition, Movant seeks an equitable accounting against Debtor for alleged use and occupancy of the Property, as well as attorneys' fees, costs, and other offsets that could reduce Debtor's ownership interest in any eventual distribution.
8. The Motion seeks permission for the partition action to proceed to completion but does not adequately address the implications of the requested relief for Debtor's homestead rights, the bankruptcy estate, or the Chapter 7 Trustee.

**The Requested Relief Is Overly Broad and Could Interfere With the Administration of the Bankruptcy Estate**

9. Pursuant to 11 U.S.C. § 362(d)(1), relief from the automatic stay may be granted for cause, considering the circumstances of the particular case.
10. Movant asserts that relief is appropriate because continuation of the state-court proceeding would promote judicial economy.
11. Although the determination of partition rights under Florida law may appropriately be addressed by the state court, the relief requested extends beyond a determination of ownership interests.

12. Specifically, the pending state-court action requests a potential forced sale of the Property, equitable accounting, credits against the ownership interests of the parties, and the distribution of sale proceeds.
13. Debtor's interest in the Property became property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a), subject to applicable exemptions and administration.
14. The Chapter 7 Trustee has not affirmatively consented to the requested relief on the record presented in Movant's Motion.
15. Allowing the state-court proceeding to proceed through sale and distribution without appropriate limitations could interfere with the Trustee's administration of estate property and with the determination of Debtor's rights and exemptions.
16. Accordingly, Debtor requests that the Motion be denied without prejudice or, alternatively, that relief be limited to proceedings necessary to determine partition rights, with any sale, transfer, or distribution affecting Debtor's interest subject to further order of this Court.

**The Property Is Debtor's Primary Residence and Claimed Florida Homestead**

17. Debtor resides at the Property and claims it as his permanent residence and Florida homestead.
18. Article X, Section 4 of the Florida Constitution protects qualifying homestead property from certain creditor claims and forced sales, subject to applicable exceptions.

19. Although Debtor acknowledges that homestead status does not necessarily defeat the partition rights of another lawful cotenant, any disposition affecting Debtor's interest must account for applicable homestead and exemption protections.

20. Furthermore, the Property's residential use is a relevant consideration under Florida's Uniform Partition of Heirs Property Act, including § 64.209, which addresses the prejudice that may result from partition in kind and directs consideration of a cotenant's continued lawful use and personal attachment to the Property.

21. Debtor respectfully requests that the Court preserve his right to assert all applicable homestead and exemption protections before any sale or distribution is authorized.

**The State-Court Action Includes Disputed Monetary Claims Beyond Partition**

22. Movant's Complaint for Partition and Equitable Accounting includes a separate claim seeking compensation based upon Debtor's alleged exclusive possession of the Property.

23. Specifically, Movant seeks an offset calculated from the fair market rental value of the Property beginning February 21, 2023.

24. However, under Florida law, the mere exclusive occupancy of property by one tenant in common does not automatically create liability to other cotenants for rental value.

25. In *Barrow v. Barrow, 527 So. 2d 1373* (Fla. 1988), the Florida Supreme Court recognized that an occupying cotenant generally is not liable to another

cotenant for rental value absent ouster, adverse possession, or another legally recognized basis. The Court also recognized that rental value may be considered as an offset when an occupying cotenant seeks contribution for preservation or improvement expenses.

26. Here, the state-court complaint alleges exclusive possession but does not specifically allege facts establishing ouster, an adverse claim of exclusive title communicated to the other cotenants, or rental profits received by Debtor.

27. Accordingly, the monetary claims asserted in the partition proceeding remain disputed and require separate factual and legal determinations.

28. Permitting those claims to proceed to final adjudication and to be charged against Debtor's interest without appropriate safeguards could affect property of the bankruptcy estate and the value of Debtor's claimed homestead interest.

**The Uniform Partition of Heirs Property Act Provides Additional Protections That Must Be Preserved.**

29. Debtor therefore requests that any relief granted expressly preserve all defenses to Movant's equitable accounting, use-and-occupancy, reimbursement, and attorneys' fee claims, and prohibit enforcement or distribution affecting Debtor's interest absent further authorization from this Court.

30. Movant's own state-court complaint acknowledges that the Property constitutes heirs property governed by Florida Statutes Chapter 64, Part II.

31. The Uniform Partition of Heirs Property Act establishes procedures concerning valuation, cotenant buyout rights, partition in kind, and partition by sale.
32. Under Florida Statutes § 64.207, qualifying cotenants who have not requested a partition sale may elect to purchase the interests of cotenants requesting a sale, subject to the statutory requirements.
33. Additionally, § 64.208 and 64.209 require consideration of statutory alternatives and relevant factors before a partition sale may be ordered.
34. Debtor seeks to preserve all rights available under these provisions, subject to the Chapter 7 Trustee's rights and any necessary bankruptcy-court authorization.
35. Granting broad relief allowing the partition action to proceed to completion without addressing the estate's interest could materially affect those rights before the Trustee and Debtor have an opportunity to evaluate the available alternatives.

**ALTERNATIVE REQUEST FOR LIMITED RELIEF**

36. Should the Court determine that cause exists to permit the state-court proceeding to continue, Debtor respectfully requests that any order be expressly limited as follows:
    a. Movant may continue the state-court proceeding to determine the parties' ownership interests and applicable partition rights.
    b. No partition sale, judicial sale, conveyance, or other disposition affecting Debtor's interest or property of the bankruptcy estate shall

occur without further authorization from this Court, to the extent the automatic stay remains applicable.

c. No proceeds attributable to Debtor's interest or property of the bankruptcy estate shall be distributed without further order of this Court.

d. All rights of the Chapter 7 Trustee concerning administration, abandonment, or disposition of estate property shall be preserved.

e. Debtor's rights to assert his claimed homestead exemption and all protections available under Florida's Uniform Partition of Heirs Property Act shall be preserved.

f. Movant shall not enforce the separate monetary judgment obtained against Debtor in the underlying civil action or apply any proceeds attributable to Debtor's interest toward that judgment except as authorized by applicable law and further order of the Court, where required.

g. All defenses to Movant's equitable accounting and use-and-occupancy claims shall be preserved.

37. Debtor acknowledges Movant's established ownership interest in the Property and does not seek to prevent the adjudication of legitimate partition rights indefinitely.

38. However, the requested relief is broader than necessary to determine those rights and potentially affects Debtor's principal residence, claimed homestead interest, and property subject to Chapter 7 administration.

39. Under the circumstances, Debtor respectfully submits that unrestricted relief from the automatic stay is not warranted without further consideration of the Trustee's position, the treatment of Debtor's exemption, and the protection of estate property.

**WHEREFORE,** Debtor respectfully requests the following:

a. DENY Movant's Motion for Relief from the Automatic Stay [ECF No. 45] without prejudice;

b. Alternatively, GRANT limited relief subject to the express conditions outlined above;

c. Preserve all applicable rights of Debtor and the Chapter 7 Trustee; and

d. Grant such other and further relief as this Court deems just and proper.

Dated: October 26, 2026

Respectfully Submitted,

Aimee Melich Law, P.A.
*Attorney for Debtor*
7480 Bird Road., Suite 601
Miami, FL 33155
Tel: 786-583-8214
Aimee@MelichLaw.com

By: ***/s/Aimee Melich, Esq.***
Aimee Melich, Esq./FBN.: 95066