**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re: CASE NO.: 26-15896-PDR

LUIS LORIGA CACERES, CHAPTER 7

Debtor.
_________________________________/

**MOVANT BARBARA LORIGA'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND RESPONSE TO DEBTOR'S OBJECTION**

**COMES NOW** Movant, BARBARA LORIGA ("Movant"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001(a), and Local Rule 9014-2(a), files this Reply in support of her Motion for Relief from Automatic Stay [ECF No. 45] (the "Motion") and Response to the Debtor's Objection [ECF No. 50] (the "Objection"), and states as follows:

## INTRODUCTION

1. The Objection concedes the points that decide the Motion. The Debtor acknowledges Movant's "established ownership interest in the Property" and states that he "does not seek to prevent the adjudication of legitimate partition rights indefinitely." Obj. ¶ 37. He concedes that "the determination of partition rights under Florida law may appropriately be addressed by the state court," *id.* ¶ 11, that "homestead status does not necessarily defeat the partition rights of another lawful cotenant," *id.* ¶ 19, and that the Property is heirs property governed by Chapter 64, Part II, Florida Statutes, the Uniform Partition of Heirs Property Act ("UPHPA"), *id.* ¶¶ 30-34. What remains is a request that the Court grant relief in name only: Movant could "determine" her rights in the state court, but could not obtain a judgment that actually partitions anything. *Id.* ¶ 36(a)-(b).

2. That is not a compromise. It is a continuation of the status quo, under which the Debtor has had exclusive, rent-free possession of the entire Property since February 2023 while owning one-third of it. Only the Debtor's one-third interest is property of the estate. Movant's one-third and her brother Jose Loriga's one-third are not. The automatic stay is a shield for the estate; it is not a sword that lets a one-third cotenant keep the other two-thirds of a house to himself. The state partition court is the only forum that can appraise the Property, offer the statutory buyout, decide partition in kind or by sale under the UPHPA factors, and conduct the equitable accounting the Objection itself invokes. Cause exists, and the limited terms proposed in Part VII below fully protect the estate, the Chapter 7 Trustee, and the Debtor.

## BACKGROUND

3. Domingo Loriga Chavez died on February 21, 2023. Obj. ¶ 3. By Order Determining Homestead entered October 14, 2025, in Case No. 2023-003100-CP-02 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, the real property located at 2252 SW 16th Court, Miami, Florida 33145 (the "Property") passed to his three children, Movant, Jose Loriga, and the Debtor, in equal one-third shares. *Id.* ¶¶ 2-4.

4. The Debtor has occupied the Property as his residence since his father's death. *Id.* ¶ 5. Since February 2023, he has had exclusive possession of the entire Property and has paid no rent to his cotenants.

5. Movant filed a Complaint for Partition and Equitable Accounting under Chapter 64, Florida Statutes, including the UPHPA (the "Partition Action"). *Id.* ¶¶ 6-7, 12. 2026-004394-CA-01, Barbara Loriga vs. Luis Loriga, et al. The Partition Action seeks partition, an equitable accounting for the Debtor's exclusive use and occupancy measured by fair rental value from February 21, 2023, and attorneys' fees and costs. *Id.* ¶¶ 7, 22-23.

6. Separately, on February 25, 2026, the Circuit Court entered a final judgment in Movant's favor against the Debtor in Case No. 2024-003969-CA-01 (the "Money Judgment"). Movant's complaint to determine the dischargeability of that debt under 11 U.S.C. § 523(a)(6) is pending as Adv. No. 26-01294-PDR. The Motion does not seek to enforce the Money Judgment.

7. The Debtor filed a voluntary Chapter 13 petition on May 6, 2026. The case was converted to Chapter 7 on August 6, 2026 [ECF No. 33]. Movant filed the Motion on September 28, 2026 [ECF No. 45]. The Debtor filed the Objection on October 26, 2026 [ECF No. 50]. The Chapter 7 Trustee, Jacqueline Calderín, (the "Trustee"), has not filed any objection to the Motion. The Undersigned has contacted the Trustee by email requesting her input in the motion for Relief from Stay, and also called her office, but has not received a response. Also, after two continuances, the Section 341 meeting was concluded on October 27, 2026.

## ARGUMENT

### I. Cause Under § 362(d)(1) Is a Flexible, Totality-of-the-Circumstances Inquiry, and the Debtor Bears the Burden on Every Issue Before the Court.

8. Section 362(d)(1) directs that the Court "shall grant relief from the stay . . . for cause, including the lack of adequate protection." 11 U.S.C. § 362(d)(1). "The term 'cause' is not defined in § 362(d)(1) or elsewhere in the Bankruptcy Code," and courts determine it on the totality of the circumstances in each particular case. *In re Feingold*, 730 F.3d 1268, 1276 (11th Cir. 2013) (per curiam). The Eleventh Circuit has explained:

> There is no set list of circumstances that a bankruptcy court is required to consider in evaluating whether § 362(d)(1) "cause" exists to lift the automatic stay. Rather, courts evaluating whether to grant stay relief have looked to a variety of case-specific factors, including (1) whether the debtor has acted in bad faith, . . . (2) the "hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code," . . . and (3) pending state court proceedings . . . .

*Id.* at 1277 (citations omitted). The decision whether to lift the stay is committed to the Court's discretion. *Id.* at 1272-73; *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989).

9. Courts frequently look as well to the factors catalogued in *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990), four of which are directly implicated here: "(6) whether the action primarily involves third parties"; "(7) whether litigation in another forum would prejudice the interests of other creditors"; "(10) the interests of judicial economy and the expeditious and economical resolution of litigation"; and "(12) impact of the stay on the parties and the balance of harms." *Id.* Similarly, "[t]he court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied," considering whether the issues "involve only state law, so the expertise of the bankruptcy court is unnecessary," whether relief "will promote judicial economy," and whether "the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (affirming stay relief to permit a Florida state court to complete equitable distribution of marital property).

10. On a motion under § 362(d)(1), "the party requesting such relief has the burden of proof on the issue of the debtor's equity in property," and "the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g). Movant does not seek relief under § 362(d)(2), so the Debtor bears the burden on every issue the Objection raises.

11. Stay-relief proceedings are summary. They "do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate." *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 32 (1st Cir. 1994); *see id.* at 31. An order granting relief is merely a grant of permission

to litigate substantive claims elsewhere, and it does not decide them. *Id.* at 33-34. Movant's claim here is more than colorable: the Debtor admits it. Obj. ¶ 37.

## II. Cause Exists Because the Estate Holds Only a One-Third Interest, the Debtor Is Using the Stay to Retain Exclusive Possession of His Siblings' Property, and the Balance of Harms Weighs Heavily in Movant's Favor.

### A. Only the Debtor's One-Third Interest Is Property of the Estate.

12. The estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Those interests are created and defined by state law. *Butner v. United States*, 440 U.S. 48, 55 (1979). Under Florida law, the Debtor holds an undivided one-third interest as a tenant in common, and any cotenant may sue the others for partition. § 64.031, Fla. Stat. ("The action may be filed by any one or more of several joint tenants, tenants in common, or coparceners, against their cotenants . . . ."). The Debtor's interest entered the estate subject to that right. Obj. ¶ 13. The petition did not enlarge it into a right to exclude the owners of the other two-thirds.

13. The Bankruptcy Code confirms that co-owners' interests are not estate property. A trustee may sell a co-owner's interest along with the estate's interest "only if" the court finds that partition in kind is impracticable, that a sale of the estate's undivided interest would realize significantly less, that the benefit to the estate outweighs the detriment to the co-owners, and that the property is not used for energy production. 11 U.S.C. § 363(h). Such relief requires an adversary proceeding, Fed. R. Bankr. P. 7001, the co-owner has a right of first refusal, 11 U.S.C. § 363(i), and the proceeds must be distributed to the co-owners "according to the interests" of each, 11 U.S.C. § 363(j). Those are the Trustee's tools, not the Debtor's, and the Trustee has not invoked them. Movant's proposed order expressly preserves them. *See* Part VII, below.

14. For the same reason, the observation in *Feingold* that "[u]nsecured creditors are generally entitled to relief from an automatic stay only in extraordinary circumstances," 730 F.3d

at 1277 (quoting *In re Broum*, 311 B.R. 409, 412-13 (E.D. Pa. 2004)), does not apply. Movant does not seek relief as an unsecured creditor to collect a debt from estate assets. She seeks relief as a co-owner to partition property that is two-thirds owned by non-debtors, while leaving the estate's one-third share, and any proceeds of it, under this Court's control.

**B. The Debtor Is Using the Stay as a Sword.**

15. The Debtor has lived in the entire Property, rent-free, since February 2023. He owns one-third. Movant, who owns an equal share, has had no use of the Property, no rent, and no ability to sell, lease, or borrow against her interest for more than three and one-half years. The Objection asks the Court to extend that arrangement indefinitely by barring any sale or conveyance without further order. Obj. ¶ 36(b).

16. The Eleventh Circuit has long held that "[t]he bankruptcy laws are intended as a shield, not as a sword." *In re Waldron*, 785 F.2d 936, 940 (11th Cir. 1986) (citation omitted). *Waldron* arose in a different procedural setting, but the principle applies with full force here. The automatic stay protects the estate and its creditors from a race to the debtor's assets. It was not designed to let a debtor occupy, without paying for it, the two-thirds of a home that belongs to his sister and brother. The "hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code" are an express part of the cause analysis, *Feingold*, 730 F.3d at 1277 (citation omitted), and they point in one direction.

**C. The Balance of Harms, Including the Cost of Delay, Favors Relief.**

17. On one side of the scale is real, continuing prejudice to Movant. Every month the stay remains in place, Movant's one-third of the equity in the Property sits frozen while the Debtor enjoys all of it. That delay has a measurable cost in the current interest-rate environment. As of October 22, 2026, the average rate on a 30-year fixed-rate mortgage was 7.32 percent, up from 6.19 percent one year earlier. Freddie Mac, *Primary Mortgage Market Survey* (Oct. 22,

2026), https://www.freddiemac.com/pmms. On September 16, 2026, the Federal Open Market Committee raised the target range for the federal funds rate to 3-3/4 to 4 percent. Bd. of Governors of the Fed. Reserve Sys., *Federal Reserve issues FOMC statement* (Sept. 16, 2026), https://www.federalreserve.gov/newsevents/pressreleases/monetary20260916a.htm. At those rates, capital that a cotenant cannot use, invest, or borrow against carries a meaningful opportunity cost, and any cotenant who must finance a buyout under section 64.207, Florida Statutes, will do so at prevailing rates. Delay compounds that cost for every co-owner, including the estate.

18. On the other side of the scale, there is no cognizable prejudice to the estate. The estate's interest is a one-third share of the Property's value, and the UPHPA fixes that value by independent appraisal and pays a departing cotenant its fractional share without a discount for its fractional status. §§ 64.206, 64.207(3), Fla. Stat. Under the proposed order, any proceeds attributable to the Debtor's or the estate's interest will be held pending further order of this Court, and the Trustee retains every right under §§ 363 and 554. That is the protection *Robbins* recognized as sufficient: "a requirement that creditors seek enforcement of any judgment through the bankruptcy court." 964 F.2d at 345. The Objection identifies no other creditor whose interests would be prejudiced by the Partition Action. *See Sonnax*, 907 F.2d at 1286 (factor 7).

**D. A Pending State-Law Proceeding Is the Proper Forum.**

19. Pending state court proceedings are an express factor under *Feingold*, 730 F.3d at 1277. The Partition Action is already pending. It turns entirely on Florida law: Chapter 64, the UPHPA, and Florida's law of cotenancy and accounting. It involves two non-debtor cotenants whose property interests are not before this Court. *See Sonnax*, 907 F.2d at 1286 (factor 6). And it is the more efficient forum, because a circuit court presiding over a partition action has the statutory machinery (appraisal, buyout notice, commissioners, partition in kind or by sale, and

equitable accounting) that the Bankruptcy Code does not replicate. *Id.* (factor 10). As the Fourth Circuit observed, quoting the legislative history of § 362, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." *Robbins*, 964 F.2d at 345-46 (quoting S. Rep. No. 95-989, at 50 (1978)).

## III. The Debtor Cannot Assert the Estate's Interests, and the Trustee Has Not Objected.

20. Much of the Objection is framed as protection of the estate and the Trustee. Obj. ¶¶ 8, 13-15, 35. But once the case converted, the Trustee became the representative of the estate, 11 U.S.C. § 323(a), charged with collecting and administering estate property, 11 U.S.C. § 704(a)(1). The trustee "is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate." *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). The same logic applies to the estate's interest in the Property: the Trustee, not the Debtor, speaks for it.

21. The Objection notes only that the Trustee "has not affirmatively consented." Obj. ¶ 14. The Code does not require the Trustee's consent. It places the burden on the party opposing relief, 11 U.S.C. § 362(g)(2), and the Trustee, who was served with the Motion ECF No. 47, has not opposed it. Movant does not dispute that the Debtor may be heard on his own possessory and exemption interests. Those interests are fully protected by the requirement that any proceeds attributable to his share be held pending further order of this Court, and by the express preservation of his exemption rights for determination here.

## IV. The Debtor's Homestead Claim Does Not Bar Partition.

22. The Debtor concedes that "homestead status does not necessarily defeat the partition rights of another lawful cotenant." Obj. ¶ 19. Florida law goes further. The Florida Supreme Court has held that "our constitutional provisions allow the partition and forced sale of homestead property upon suit by one of the owners of that property, if such partition and forced sale is necessary to protect the beneficial enjoyment of the owners in common to the extent of their interests in the property." *Tullis v. Tullis*, 360 So. 2d 375, 377 (Fla. 1978). The court explained that it "has never held that the homestead provision precludes a common owner of property from suing for partition and obtaining a forced sale in order to obtain the beneficial enjoyment of her interest in the property." *Id.* And it stated the governing principle: "Homestead interests should be protected from forced sale wherever possible, but not at the expense of others owning interests in the property." *Id.* at 378.

23. *Tullis* relied on *Donly v. Metropolitan Realty & Investment Co.*, 71 Fla. 644, 72 So. 178 (1916), in which homestead property passed on the owner's death to his widow and children, and their homestead claim did not prevent a cotenant from obtaining partition. *Tullis*, 360 So. 2d at 377-78. That is this case. The Property descended from the Debtor's father to his three children as tenants in common under the probate court's Order Determining Homestead. Obj. ¶ 4; *see* § 732.401(1), Fla. Stat. Whatever homestead protection the Debtor may claim in his own one-third interest, it does not extend to his siblings' two-thirds, and it does not defeat their right to partition.

24. Whether, and to what extent, the Debtor may exempt his share of any proceeds is a question for this Court, not the partition court, and the proposed order preserves it. Movant notes, without asking the Court to decide the issue now, that the Debtor acquired his interest on February 21, 2023, within the 1215-day period preceding the petition, and that 11 U.S.C. §

522(p)(1) limits a homestead exemption in an interest "acquired by the debtor during the 1215-day period preceding the date of the filing of the petition" to an amount that, as adjusted for cases filed on or after April 1, 2025, is $214,000. *See* Adjustment of Certain Dollar Amounts Applicable to Bankruptcy Cases, 90 Fed. Reg. 8941, 8941 (Feb. 4, 2025). Whether an inherited interest is "acquired" for purposes of § 522(p), and the application of any cap, are matters for the Trustee and this Court in connection with any exemption claim. The point here is only that exemption issues are fully preserved by holding the Debtor's share of proceeds pending further order.

**V. The Debtor's *Barrow* and Ouster Arguments Go to the Merits of the Accounting, Which Belongs in the Partition Court.**

25. The Objection argues at length that the Debtor is not liable for rental value absent ouster under *Barrow v. Barrow*, 527 So. 2d 1373 (Fla. 1988). Obj. ¶¶ 22-28. Those are defenses on the merits of the equitable accounting. They do not bear on whether cause exists to lift the stay. A stay-relief hearing does not involve "a full adjudication on the merits of claims, defenses, or counterclaims." *Grella*, 42 F.3d at 32. Granting relief decides nothing about them, and the Debtor keeps every defense. *Id.* at 33-34. Movant agrees that the Debtor's defenses to the accounting should be preserved. Obj. ¶ 36(g).

26. In any event, *Barrow* does not help the Debtor as much as the Objection suggests. The Florida Supreme Court held that a cotenant in exclusive possession is not accountable to the others for rental value "unless he or she holds adversely or as a result of ouster or its equivalent," and that "when a cotenant in possession seeks contribution for amounts expended in the improvement or preservation of the property, that claim may be offset . . . by the reasonable rental value" of the occupying cotenant's excess use. *Barrow*, 527 So. 2d at 1377. The court noted that "similar adjustments are commonly made in partition suits generally." *Id.* at 1376-77

(citation omitted). Whether the Debtor's possession amounts to ouster or its equivalent depends on whether his exclusive claim was manifested to his cotenants, *see Coggan v. Coggan*, 239 So. 2d 17, 19 (Fla. 1970), and to the extent the Debtor seeks credit in the accounting for taxes, insurance, or other carrying costs, *Barrow* expressly allows the rental-value offset. Each of those questions is a fact-bound question of Florida law that the UPHPA assigns to the partition court. § 64.206(7), Fla. Stat. (equitable accounting determined in the partition action).

## VI. The UPHPA Protects the Debtor, and Only the State Court Can Apply It.

27. The Objection relies heavily on the UPHPA. Obj. ¶¶ 20, 30-34. That reliance confirms that the state court is the proper forum. The UPHPA applies to partition actions filed on or after July 1, 2020, § 64.203(1), Fla. Stat., and it requires the partition court to "determine whether the property is heirs property. If the court determines that the property is heirs property, the property must be partitioned under this part unless all of the cotenants otherwise agree in a record." § 64.203(2), Fla. Stat. The Property, acquired by three siblings from their father, meets the definition of heirs property, § 64.202(6), Fla. Stat., and the Objection agrees. Obj. ¶ 30.

28. The UPHPA gives the Debtor substantial protection, all of it administered by the partition court. The court determines the value of the Property, ordinarily by a disinterested licensed appraiser. § 64.206, Fla. Stat. Any cotenant other than one requesting partition by sale may elect within 45 days to buy the interests of the cotenants who requested a sale, at a price equal to the value of the entire parcel multiplied by the selling cotenants' fractional ownership. § 64.207(1)-(3), Fla. Stat. If no buyout occurs, the court must order partition in kind unless, considering the statutory factors, it finds that partition in kind would result in prejudice to the cotenants as a group. § 64.208(1), Fla. Stat. Those factors include "[t]he lawful use being made of the property by a cotenant and the degree to which the cotenant would be harmed if the cotenant could not continue the same use of the property," § 64.209(1)(e), Fla. Stat., and "[t]he

degree to which the cotenants have contributed their pro rata share of the property taxes, insurance, and other expenses associated with maintaining ownership of the property," § 64.209(1)(f), Fla. Stat. The equitable accounting is then applied to adjust the price, buyout, or judgment. § 64.206(7), Fla. Stat.

29. These are exactly the protections the Objection says it wants to preserve. Obj. ¶ 34. None of them can be exercised while the Partition Action is stayed. The Objection's proposal to allow the state court to "determine" rights but not to complete a buyout, partition, or sale, *id.* ¶ 36(a)-(b), would strand the UPHPA process halfway and deprive every cotenant, including the Debtor and the Trustee, of its benefits. The better course is to let the statute work, with any distribution of the estate's share reserved to this Court.

**<u>VII. Movant's Proposed Limited Relief.</u>**

30. Movant agrees to reasonable conditions that protect the estate, but opposes conditions that would make relief illusory. Movant respectfully requests an order granting the Motion on the following terms:

(a) The automatic stay is modified to permit Movant to prosecute the Partition Action to final judgment, including determination of heirs-property status, appraisal, any buyout under § 64.207, Fla. Stat., partition in kind or by sale, the equitable accounting, and the allocation of offsets, fees, and costs among the cotenants;

(b) The Trustee may appear in the Partition Action, and nothing in the order limits the Trustee's rights under 11 U.S.C. §§ 363 and 554 or the Trustee's administration of the estate's interest in the Property; the Trustee may intervene in the Partition action regarding the Debtors interest, the appraisal, buyout, election, and proposed sale;

(c) Any proceeds of a sale or buyout attributable to the Debtor's or the estate's interest, after the adjustments determined in the equitable accounting, shall be deposited into the registry of the state court or a an escrow account ordered by the State Court and shall not be distributed without further order of this Court, or unless the deadlines for the Trustees interest in the Debtors interest in the property has passed or was abandoned.

(d) The Debtor's claimed homestead exemption, any objection to it, and the Debtor's defenses to the equitable accounting are preserved, up to and including any deadlines proscribed by the Trustee or Bankruptcy Code, and the Debtor may assert in the Partition Action all rights available under Chapter 64, Part II, Florida Statutes; and

(e) The fourteen-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(4) is waived.

31. These terms accept the substance of paragraphs 36(c), (d), (e), and (g) of the Objection. Movant opposes paragraphs 36(a) and (b), which would bar any sale, conveyance, or other disposition, because they would prevent the Partition Action from reaching judgment and would preserve indefinitely the Debtor's exclusive use of property he does not own. Paragraph 36(b) is also unnecessary: proposed terms (b) and (c) already ensure that no estate value leaves this Court's control. Because further delay prejudices Movant and the estate is fully protected, waiver of the fourteen-day stay under Rule 4001(a)(4) is appropriate.

## CONCLUSION

32. The Debtor owns one-third of the Property, occupies all of it, and pays his cotenants nothing. His Objection concedes Movant's ownership, concedes that partition rights belong in the state court, concedes that homestead does not defeat partition, and invokes UPHPA

protections that only the state court can deliver. The estate and the Trustee are fully protected by the proposed terms. Cause exists under § 362(d)(1).

**WHEREFORE,** Movant, BARBARA LORIGA, respectfully requests that the Court overrule the Debtor's Objection [ECF No. 50], grant the Motion for Relief from Automatic Stay [ECF No. 45] on the terms set forth in Part VII above, waive the fourteen-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(4), and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Michael J. Brooks
8660 W. Flagler Street, Suite 100
Miami, Florida, 33144
(877) 290-9197
FBN: 434442

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 4, 2026 a true and correct copy of the foregoing Movant Barbara Loriga's Reply in Support of Motion for Relief from Automatic Stay and Response to Debtor's Objection was filed with the Clerk of Court using the CM/ECF system and served via CM/ECF Notice of Electronic Filing on the following: Aimee Melich, Esq., counsel for the Debtor, Aimee@MelichLaw.com; Jacqueline Calderin, Chapter 7 Trustee, calderintrustee@gmail.com; and the Office of the United States Trustee, USTPRegion21.MM.ECF@usdoj.gov.

By: /s/ Michael J. Brooks

Michael J. Brooks
8660 W. Flagler Street, Suite 100
Miami, Florida, 33144
(877) 290-9197
pleadings@bkcnow.com
FBN: 434442